IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HARTFORD R. BEST, # 105214, | ) | Civil Action No.: 2:10-cv-01381-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| McKITHER BODISON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Docket 1]. The Petitioner claims that his 1981 murder conviction, for which he entered a guilty plea, should be vacated by this Court because the state court made an "unreasonable determination of the facts that state court failed to execute the Commitment Order." *Memorandum in Support of Petition,* p. 1. The Petitioner does not claim that he is actually innocent of the 1981 murder conviction to which he pled guilty, rather he claims that he "is being kidnapped by the Respondent under an unsigned commitment order . . . ." *Objection,* p. 12. Based on the following, the Petitioner's § 2254 Petition is dismissed.

## Procedural History and Factual Background

On May 27, 2010, the Petitioner filed the instant Petition. Under established local procedure, the Magistrate Judge reviewed the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On June 15, 2010, the Magistrate Judge issued his Report and Recommendation ("R&R") recommending that this case be dismissed because the Petitioner has not fully exhausted his state remedies. The Petitioner filed timely objections to the R&R on June 25, 2010. On October 6, 2010, the Court entered an Order granting the Petitioner fourteen (14) days in which to file a response addressing the timeliness of this action and show cause why the Petition should not be dismissed based on the AEDPA's statute of limitations and recommiting

this action to the Magistrate Judge for further handling. The Petitioner filed said response on October 18, 2010, and the Magistrate Judge issued a subsequent R&R on December 8, 2010. The Petitioner filed timely objections on December 23, 2010, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the AEDPA. Under the AEDPA, § 2254 petitions are subject to the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). For convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. *See Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). The period therefore would have expired on April 24, 1997, absent tolling. *See Hernandez v. Caldwell,* 225 F.3d 435, 439 (4th Cir. 2000). According to the Petitioner's allegations in the Petition, he did

not file a direct appeal at any time prior to April 24, 1997, and, in fact, did not file any type of motion or application concerning his conviction, and specifically this issue, until January 23, 2008 (twenty-seven years after the conviction).

In the R&R, the Magistrate Judge concludes that the Petitioner has failed to show that his Petition is timely under § 2244(d)(1)(D) and recommends that the Petition be dismissed with prejudice and without issuance and service of process. The Petitioner objects to this recommendation on several grounds. First, the Petitioner claims that the Magistrate Judge's R&R is an unconstitutional advisory opinion; however, this objection is without merit. Next, the Petitioner argues that his commitment order was not signed by the state sentencing judge, but he does not object to the Magistrate Judge's finding that nothing prevented him from filing a **timely** Petition addressing this issue. The Supreme Court has made it clear that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 130 S. Ct. 2549, 2562 (U.S. 2010) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The Petitioner does not allege that the existence of his commitment order was kept from him by anyone, rather he merely states that he did not become aware of its existence until he was returned to prison in 2007 following the revocation of the parole he received in 2000. Nonetheless, his commitment order was received for filing in the public record of Horry County in January 1981, and the Petitioner has failed to provide the Court with any excuse for his failure to review the public record of his criminal case prior to 2007. Even assuming, *arguendo,* that the presence of an unsigned commitment order in a state criminal case presents "extraordinary

circumstances" beyond the Petitioner's control,[1] the Petitioner has failed to show that he "ha[d] been pursuing his rights diligently" and was "prevented [from] timely filing" by these circumstances. *See Green v. Johnson,* 515 F.3d 290, 305 (4th Cir. 2008); *Wade v. Robinson,* 327 F.3d 328, 333 (4th Cir. 2003) (placing obligation on prisoner to review "public sources" to determine whether or not grounds for habeas relief exist by ruling that the statute of limitations begins to run on the date when the ground could be discovered through public sources, regardless of whether the prisoner actually discovers it).

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R [Docket 20] is adopted and incorporated herein by reference, and this case is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
January 3, 2011

---

[1] The Court need not rule on whether the presence of an unsigned commitment order in a state criminal case presents "extraordinary circumstances." However, Supreme Court and Fourth Circuit precedent appears to suggest that an unsigned commitment order that is received for filing in county public records would not warrant equitable tolling:
> Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris,* 209 F.3d at 330).

*Rouse v. Lee,* 339 F.3d 238 (4th Cir. 2003).